# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

CEDRIC AUSTIN
ADC#116669                                                                                       PETITIONER

VS.                              5:14CV00110 JM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                  RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

Mail any objections to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Cedric Austin. *Doc. 2*. Before addressing Austin's habeas claims, the Court will review the procedural history of the case in state court.

On March 8, 2009, Austin was charged in Lonoke County Circuit Court with the rape of a minor. *Doc. 3 at 44*. The Information and an Amended Information alleged that the rape occurred sometime in 2001 *or* 2002. *Doc. 3 at 44, 46*. The victim was a relative of Austin's wife.

Austin's trial ended in a mistrial because the jury could not reach a unanimous verdict. *Doc. 3 at 8*.

On October 21, 2009, Austin pleaded guilty to a lesser charge, third-degree sexual assault. *Doc. 7-1*. He received a sixty-month sentence, with an additional sixty months of "suspended imposition of sentence."[1] *Id.* Afterwards, Austin did not pursue any postconviction relief in state court.

On March 20, 2014, Austin initiated this *pro se* federal habeas action.[2] *Docs. 2 and 3*. He argues that: (1) he received ineffective assistance of counsel; and (2) his guilty plea was coerced. *Doc. 3 at 25-25*. Respondent argues that all of Austin's

---

[1] ADC records suggest that Austin was paroled from this sentence, but subsequently revoked. *Doc. 3 at 47*. He has been incarcerated since initiating this habeas action.

[2] Austin placed his petition in the prison mail system on March 20, 2014. *Doc. 2 at 14*. *See Steu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009) (applying the "prison mailbox rule" to calculate the filing date of a habeas petition for purposes of the statute of limitations).

habeas claims are: (1) barred by the statute of limitations; and (2) are procedurally defaulted. *Doc. 7*.

For the reasons discussed below, the Court concludes that all of Austin's habeas claims are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Thus, the Court recommends that this habeas Petition be dismissed, with prejudice.

## II. Discussion

### A.   Application of AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a § 2254 habeas petition to be filed within one year of the date on which the state judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Austin entered his guilty plea on October 21, 2009. He had thirty days from that date, until November 20, 2009, to file a notice of appeal with the Arkansas Supreme Court. When he did not file a notice of appeal, Austin's state judgment became "final" on that day for purposes of 28 U.S.C. § 2244(d)(1)(A).[3]

The next day, on November 21, 2009, the habeas statute of limitations began to run. One year later, on November 21, 2010, the statute of limitations expired.

---

[3] In *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015), the Eighth Circuit acknowledged that, under Arkansas law, there is no general right to appeal an unconditional guilty plea. Nonetheless, the Court held that, for purposes of triggering the habeas limitations period, a defendant who pleads guilty is entitled to the thirty days in which he could have, but did not, file a notice of appeal. *Id.*

Petitioner initiated this action on March 20, 2014, almost three and a half years after the expiration of the limitations period.

### B.  Analysis of Statutory and Equitable Tolling

AEDPA provides for statutory tolling during the time a "properly filed" petition for collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2). Austin concedes that he is not entitled to any statutory tolling because he never pursued any postconviction relief in state court.

However, Austin argues that he is entitled to equitable tolling because he is "actually innocent." In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Court explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." The Court went on to "caution, however, that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (*quoting Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal quotations and alterations omitted). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324.

Austin's first item of alleged new evidence turns on the "medical definition" of the term "acute knot." He argues that, during his trial (which ended in a mistrial), a "medical expert . . . testified that [the victim] had an 'acute knot' in her vagina when he examined her in 2008, and that this is 'consistent with sexual abuse.'" *Doc. 3 at 9*. Austin claims that he did not know the "medical definition" of an "acute knot," and his lawyer did not cross-examine the expert on that point. Austin further contends that, in January of 2014, he was talking to an ADC physician who told him that an "acute knot" describes a "recent" or "fairly new" injury. *Doc. 3 at 17*. Austin argues that, because he would not have pleaded guilty if had known the "medical definition" of that term, it should be deemed to be "new evidence": "The definition of the ADC physician for the term used by the state's expert is sufficient evidence not presented at trial to grant Petitioner [the actual innocence] gateway[.]" *Doc. 3 at 19-20*.

Austin next relies on an ADC memorandum showing that he was incarcerated for a prior crime from December 22, 1999, through October 23, 2001. *Doc. 3 at 47*. He argues that this establishes his alibi for the sexual assault, and that he did not meet the victim until November or December of 2002.[4] *Doc. 3 at 20-23*.

---

[4] According to Austin, during his trial, the victim testified that the assault occurred when she was five years old. He calculates that the victim was at least six years old by the time that he was released from prison in October of 2001. Austin's argument overlooks the fact that both the Amended Information and the Judgment and Commitment Order reflect that the "offense date" was between *January 1, 2001, and December 31, 2002. Doc. 3 at*

5

Finally, Austin relies on two witness statements, both of which are in the trial record. First, the victim's grandfather gave a statement in the October 3, 2008 Incident Report prepared by the Lonoke County Sherriff's office. According to him, he could not recall "the night in question" because "over the past years several of his grandchildren stay[ed] there."[5] *Doc. 3 at 41*.

The other statement is from the victim's mother, and is contained in the Affidavit supporting the October 8, 2008 warrant for Austin's arrest. *Doc. 3 at 42-43*. Austin interprets her statement to mean that she "knows the [date of the] exact night in question — or at least the month and year — so that the two-year period alleged in the information becomes prejudicial to Petitioner and where counsel failed to address the issue at trial or guilty plea, this is new evidence not presented at trial." *Doc. 3 at 24*.

Obviously none of this purportedly "new evidence" is "new." The definition of an "acute knot" and Austin's prior dates of incarceration clearly were available through the exercise of due diligence. Similarly, the witness statements cited by Austin were available and readily discoverable prior to his trial and subsequent guilty plea. *Doc. 3 at 40-42*. Thus, as a matter of law, Austin has not come forward with *any* "new" evidence that could not have been discovered with the exercise of due diligence.

---

*37, 46*. Thus, the period of time he was incarcerated in the ADC might have been something his lawyer could have used to impeach the victim's testimony, but it clearly does not establish Austin's "actual innocence."

[5] The state alleged Austin raped the victim in her grandfather's house.

6

Moreover, even if Austin's evidence could properly be characterized as "new," it does not establish his actual innocence. At best, the points he raises might have been used to impeach the credibility of the victim's account of the crime, but they do not establish his factual innocence. *See Dansby v. Norris*, 682 F.3d 711, 717 (8th Cir. 2012) ("Latter-day impeachment evidence, however, will seldom, if ever, make a clear and convincing case that no reasonable jury could believe the core of the witness's account.") (internal quotations omitted), *vacated on other grounds*, 133 S. Ct. 2767 (2012); *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) ("Actual innocence means factual innocence, not mere legal insufficiency.") (internal quotations and alterations omitted); *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime.").

For the foregoing reasons, the Court concludes that Austin is not entitled to equitable tolling. Accordingly, his Petition is barred by the one-year habeas statute of limitations.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED, and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 17th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE